UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA MITCHELL                               CIVIL ACTION

VERSUS                                        NO: 06-5070

NATIONAL FLOOD INSURANCE                      SECTION: J(2)
PROGRAM

### ORDER AND REASONS

Before the Court is Defendants, the National Flood Insurance Program's ("NFIP") and David I. Maurstad's **Motion to Dismiss, Alternative, Motion for Summary Judgment (Rec. Doc. 18).** Defendants claim that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to her Standard Flood Insurance Policy ("SFIP") because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds.

This motion, which is opposed, was set for hearing on February 6, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' motion should denied.

### Background Facts

Plaintiff purchased an SFIP from the Federal Emergency

Management Agency ("FEMA") under the National Flood Insurance Program ("NFIP") to insure her property against the risk of flood.  Plaintiff's property was allegedly damaged during Hurricanes Katrina and Rita, during which times the SFIP was in effect.  When the NFIP refused to tender full payments under the SFIP, Plaintiff filed suit on August 28, 2006.

According to Defendants, Plaintiff did not report her loss until October 3, 2005.  Prior to adjusting the loss, FEMA paid Plaintiff a partial payment of $3,000 for contents flood loss. After receiving the independent adjuster's Final Adjuster Report dated November 17, 2005, FEMA paid a final flood claim payment for building loss of $14,179.82 for the August 29, 2005 date of loss to Plaintiff and her named mortgagor on January 4, 2006. Plaintiff contacted FEMA by telephone on January 12, 2006 to dispute the amount of her claims check.

In response, FEMA hired an independent professional engineering firm to inspect Plaintiff's residence.  The resulting report noted structural damage, but that such damage was not due to rapidly moving surface water or any other type of flood water, but earth movement.  As a result, on April 14, 2006, FEMA paid an additional $3,000 to Plaintiff and her mortgagor as a final flood claim payment for building loss and $2,322.55 to Plaintiff as a final flood claim payment for contents loss (policy limits minus the October 5, 2005 $3,000 advance contents payment and minus the $1,000 deductible) for losses caused by the August 29, 2005 flood.

2

On August 30, 2006, FEMA received a submission through Plaintiff's insurance agent that purported to be Plaintiff's supplemental proof of loss.  According to Defendants, the supplemental claim did not identify an amount for the full cost of repair or replacement of building and contents, did not identify an applicable depreciation, did not identify the actual cash value of the loss, and did not identify a net amount being claimed.  Furthermore, the supplemental proof of loss was not signed by Plaintiff.

### The Parties' Arguments

Defendants claim that Plaintiff is not entitled to recover any U.S. Treasury benefits pursuant to her SFIP because Plaintiff failed to comply with the SFIP's conditions precedent to the recovery of U.S. Treasury funds.  In addition, Defendants argue that Plaintiff's extra-contractual claims are likewise subject to dismissal as they are preempted by federal law and precedent. See Wright v. Allstate Ins. Co., 500 F.3d 390 (5th Cir. 2007).

Defendants argue that this Court lacks subject matter jurisdiction over this matter.  Because Plaintiff has failed to comply with the requirements of her SFIP, FEMA has not waived its sovereign immunity.[1]  Defendants state that Plaintiff failed to support her claim for federal benefits by submitting a signed and sworn supplemental Proof of Loss.  Defendants cite Forman v.

---

[1]  The National Flood Insurance Act ("NFIA") contains only a limited waiver of the sovereign immunity of the United States, allowing suit against the flood insurer under specific circumstances, one of which calls for proper evidence of loss.

FEMA, 138 F.3d 543 (5th Cir. 1998), Gowland v. Aetna, 143 F.3d
951 (5th Cir. 1998), and Wright v. Allstate, 415 F.3d 384 (5th
Cir. 2005) for the proposition that this failure to submit a
Proof of Loss that strictly complies with all of the requirements
of the SFIP means that no benefits are payable under Plaintiff's
SFIP.

     While Defendants do acknowledge that the supplemental proof
of loss was received, Defendants state that the supplemental
claim did not identify an amount for the full cost of repair or
replacement of building and contents, did not identify an
applicable depreciation, did not identify the actual cash value
of the loss, and did not identify a net amount being claimed.
Furthermore, the supplemental proof of loss was not signed by
Plaintiff, and, as such, did not meet the requirements set forth
in the SFIP.

     In the alternative, Defendants state that Plaintiff's SFIP
expressly excludes from coverage loss to property caused directly
by earth movement even if the earth movement is caused by flood.
According to Defendants, since Plaintiff has submitted no
evidence to dispute the independent engineer's report that the
damage to the building was not caused by a general condition of
flooding, summary judgment should be granted on this issue.[2]  See
Arcell v. Kennedy, No. 96-1580, 1998 WL 274269, *3 (E.D. La. May
26, 1998).

_____

     [2]  Plaintiff failed to respond to this argument in her
opposition.

In opposition, Plaintiff states that she did submit sufficient signed proof of loss as it was signed by Plaintiff's counsel who first obtained Plaintiff's verbal power of attorney, and was also sworn.  Plaintiff cites to several state law decisions in support of her assertion that while her attorney actually "applied the ink" to the document to inscribe her name, because he had Plaintiff's authority to do so, the signature should constitute Plaintiff's signature for purposes of compliance with the SFIP requirements.

Additionally, Plaintiff argues that she submitted detailed repair estimates to FEMA which exceed the benefits paid to Plaintiff thus far.  See Copeland v. Fed. Emergency Mgmt. Agency, No. 03-2704, 2004 WL 325577, *2 (E.D. La. Feb. 18, 2004) (describing FEMA's contention that regulations required "the claimant to 'document the loss with all bills, receipts, and related documents for the amount being claimed'" as being "inconsistent with both the Code of Federal Regulations and existing case law").  These estimates were included with the documentation of loss submitted to Defendants by Plaintiff's insurance agent on August 29, 2006.[3]

Plaintiff also replies that her proof of loss is sufficient because she has been granted the right to sue under 44 C.F.R.

---

[3] The documentation submitted to the NFIP included:  (1) Plaintiff's sworn proof of loss form signed on her behalf by her attorney; (2) a contents list itemizing replacement costs, loss or damage, depreciation amounts, and actual case value flood loss; and (3) estimates from contractors regarding replacement and repair costs to the property.

62.22(a).[4]   Plaintiff argues that this regulation states that a claimant may proceed to suit in instances where the disallowance of his claim has been based "on grounds other than failure to file a proof of loss" and in instances where he is refusing "to accept the amount allowed upon any claim after appraisal pursuant to policy provisions."  Plaintiff states that Defendants did not issue a denial of benefits based on Plaintiff's failure to file a proof of loss or an adequate proof of loss.  Therefore, under the language of 44 C.F.R. 62.22(a), Plaintiff should have the right to proceed to suit.  Plaintiff admits that there is little to no support for this reading in the jurisprudence, however.

Plaintiff also argues that she is not asserting an "extra-contractual" claims per se.  She is simply asking for all that is due under the appropriate laws and jurisprudence.

---

[4] 44 C.F.R. 62.22(a) provides in pertinent part:

> Upon the disallowance by the Federal Insurance Administration, a participating Write-Your-Own Company, or the servicing agent of any claim on grounds **other than failure to file a proof of loss,** or upon the refusal of the claimant to accept the amount allowed upon any claim after appraisal pursuant to policy provisions, the claimant within one year after the date of mailing by the Federal Insurance Administration, the participating Write-Your-Own Company, or the servicing agent of the notice of disallowance or partial disallowance of the claim may, pursuant to **42 U.S.C. 4072**, institute an action on such claim against the insurer only in the U.S. District Court for the district in which the insured property or the major portion thereof shall have been situated, without regard to the amount in controversy (emphasis added).

**Legal Standards**

**A.   Motion to Dismiss**

A motion to dismiss for lack of subject-matter jurisdiction must be granted if the court lacks statutory authority to hear and decide the dispute.  Fed. R. Civ. P. 12(b)(1).  The burden of establishing subject-matter jurisdiction falls squarely upon the plaintiff.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Robinson v. TCI/US West Commc'ns, 117 F.3d 900, 904 (5th Cir. 1997).  Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations.  Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981).

**B.   Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

588 (1986).[5]

## **Discussion**

Under FEMA regulations, strict adherence is required to all terms of the SFIP.  44 C.F.R. §§ 61.13(a), (d), (e).  The SFIP provides that within 60 days after the loss (or within any extension authorized by FEMA), the claimant must file a signed and sworn Proof of Loss listing . . . (1) "the actual cash value . . . of each damaged item of insured property . . . and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss . . . ." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3).  Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998).

The requirements for submitting proof of loss are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered

---

[5]  Because both parties submitted extrinsic documentation which this Court found it necessary to consider, Defendants' motion is construed as a motion for summary judgment.

property during the term of the policy;

f. Specifications of damaged buildings and detailed repair estimates;

g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h. Details about who occupied any insured building at the time of the loss and for what purpose; and

i. The inventory of damaged personal property described in J.3.above.

As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim.  Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998).

In Gowland, the Court stated "it is clear that giving notice of loss and providing a sworn proof of loss statement are separate and distinct requirements of the policy."  Id. at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal proof of loss statement as required by the flood policy.  Id.  As a result, the Court affirmed the grant of the insurer's motion for summary judgment.

More recently, however, in Copeland v. FEMA, this Court refused to grant summary judgment to a defendant insurer when the issue before the Court was plaintiff's failure to submit adequate proofs of loss.  2004 WL 325577.  This Court reasoned that where plaintiff had "provided at least enough information for FEMA to evaluate the merits of the claim," the proof of loss was

adequate.  Id. at *2; see also Robin v. Fidelity National Property and Casualty Inc. Co., No. 06-5242 (E.D. La. March 14, 2007) (refusing to enter summary judgment in favor of the insurer on the basis that material issues existed as to whether plaintiffs had filed a proper proof of loss).

The documentation submitted to the NFIP included Plaintiff's sworn proof of loss form signed on her behalf by her attorney; a contents list itemizing replacement costs, loss or damage, depreciation amounts, and actual case value flood loss; as well as estimates from contractors regarding replacement and repair costs to the property.  Therefore, this Court determines that summary judgment in favor of the NFIP should be denied as there exists a genuine issue of material fact as to whether this information was in fact enough for FEMA to evaluate the merits of the claim.

Turning next to Defendants' argument centering on the earth movement exclusion contained in the SFIP, this Court declines to discuss the substantive merits of the argument due to the fact that Defendants' motion to dismiss was filed and set for hearing on February 6, 2008.  However, according to this Court's Scheduling Order, all pre-trial motions had to have been heard no later than February 4, 2008.  Therefore, Defendants' motion is untimely and can be denied on this ground alone.  Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss, Alternative, Motion for Summary Judgment (Rec. Doc. 18)** is hereby **DENIED.**

New Orleans, Louisiana, this 8th day of February, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE